**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert James Pratt, | No. CV-23-00043-PHX-DWL (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| CoreCivic Incorporated, | |
| Defendant. | |

This is a *pro se* prisoner civil rights action in which Plaintiff alleges that he and other Native American prisoners at the Saguaro Correctional Center ("SCC") in Eloy, Arizona were denied access to the sweat lodge. (Doc. 73 at 1.) Defendant is the private owner and operator of SCC. (Doc. 65 ¶ 2.) Although the events at issue in this action took place in Arizona, Plaintiff is not actually an Arizona prisoner and is no longer located in Arizona—he is a prisoner of the Idaho Department of Corrections ("IDOC"), was held at SCC between August 2020 and February 2023 pursuant to a "correctional services agreement" between Defendant and IDOC, and has since been transferred back to an Idaho prison. (Doc. 65-3 ¶ 6; Doc. 73 at 4.)

In December 2025, the Court issued an order denying Defendant's motion for summary judgment on the issue of exhaustion. (Doc. 73.) Defendant then requested an evidentiary hearing on exhaustion. (Doc. 74.) The hearing was scheduled for February 24, 2026. (Doc. 77.) However, on February 20, 2026, Plaintiff filed a motion to continue the hearing, premised on his contention that defense counsel reneged on a promise to

arrange for the appearance of various witnesses whom Plaintiff wished to call at the hearing (Doc. 82), and a motion for the issuance of subpoenas to those witnesses (Doc. 83). The Court granted the continuance request and stated that it would address, via a future order, the subpoena requests. (Doc. 86.) This is that order.

Plaintiff seeks to issue subpoenas to nine witnesses. The first proposed subpoena recipient is "Former SCC Case Manager Nervaez" (Doc. 83 at 2), but Defendant avows in its response that Nervaez is deceased. (Doc. 85 at 2.) Plaintiff did not file a reply or otherwise attempt to refute this avowal. Accordingly, the request to issue a subpoena to Nervaez is denied.

The second proposed subpoena recipient is "Paralegal Keith Cardon," who "worked as the paralegal at [SCC]." (Doc. 83 at 3.) The Court is satisfied by Plaintiff's explanation as to why he wishes to subpoena Cardon. *See generally* D. Ariz. G.O. 18-19 ("[A]ny self-represented litigant who wishes to serve a subpoena must file a motion with the Court for issuance of the subpoena. The motion must (1) be in writing, (2) attach a copy of the proposed subpoena, (3) set forth the name and address of the witness to be subpoenaed and the custodian and general nature of any documents requested, and (4) state with particularity the reasons for seeking the testimony and documents. The assigned judge shall determine whether the requested subpoena shall issue."). Additionally, Defendant does not oppose the request to subpoena Cardon. Accordingly, Plaintiff's subpoena request as to Cardon is granted.

The third and fourth proposed subpoena recipients are "Grievance Coordinator J. Pagnani" and IDOC "Deputy Warden Steven Grills." (Doc. 83 at 4.) However, in its response, Defendant avows that it intends to call both of those witnesses at the evidentiary hearing and has already arranged for their attendance. (Doc. 85 at 2.) In light of that avowal, Plaintiff's subpoena request as to Pagnani and Grills is denied as moot.[1]

The remaining five subpoena recipients (Whitwater, Nuss, Soulier, Harshbarger,

---

[1]    Defendant is advised that if it fails, for whatever reason, to secure the attendance of those witnesses at the evidentiary hearing, this may necessitate a continuance or other consequence.

and Meyer) are inmates. (Doc. 83 at 5-11.) Plaintiff acknowledges that two of those inmates (Harshbarger and Meyer) are IDOC prisoners who are currently housed in Idaho. (*Id.*) As Defendant notes in its response (Doc. 85 at 2-3), those individuals are outside the Court's subpoena power. *See* Fed. R. Civ. P. 43(b)(1). Accordingly, Plaintiff's subpoena request as to Harshbarger and Meyer is denied.

As for Whitwater, Nuss, and Soulier, although Defendant identifies various reasons why their anticipated testimony may be hearsay or otherwise inadmissible, those are not proper grounds for opposing a *pro se* party-opponent's subpoena request. *Dennison v. Ryan*, 2022 WL 2665926, *3 (D. Ariz. 2022) ("[T]he Court first notes that it construes Plaintiff's Motion as simply requesting the issuance of subpoenas. Thus, the only issue on this Motion is whether Plaintiff has met the *procedural* requirements provided by General Order 18-19. The Court does not address the evidentiary admissibility of any of the witnesses at issue. To the extent Defendant objects to the admissibility of Plaintiff's proposed witnesses on another ground, such as relevancy or some other evidentiary objection, this Motion does not present the proper avenue for such argument."); Fed. R. Civ. P. 43(a)(3). Accordingly, Plaintiff's subpoena request as to Whitwater, Nuss, and Soulier is granted.

The determination that Plaintiff should be allowed to subpoena Cardon, Whitwater, Nuss, and Soulier raises several logistical difficulties. The first is identifying who will effect service. In this situation, the answer is the U.S. Marshal's Service ("USMS"). *Cortinas v. Vasquez*, 2022 WL 149061, *5 (E.D. Cal. 2022) ("Briefly stated, service of a properly issued subpoena duces tecum in a civil rights action brought by a pro se prisoner proceeding IFP will be served at no expense to the prisoner by the USMS.") (citing 28 U.S.C. § 1915(d)).

The second logistical difficulty concerns witness fees. *See* Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."). Mileage is not at issue here, as the hearing will be held via Zoom (and

three of the recipients are inmates), but each recipient is entitled to a daily witness fee of $40. *See* 28 U.S.C. § 1821(b). Plaintiff is responsible for paying those fees. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) ("Although the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses. . . . We join the Third, Sixth, Seventh, and Eighth Circuits in finding no such authorization in section 1915."); *Cortinas*, 2022 WL 149061 at *5 ("[I]f the subpoena involves the testimony of a witness, rather than the production of documents, the prisoner plaintiff must pay any associated witness fees and costs and provide those fees and costs prior to service. Witness fees cannot be waived."). Accordingly, Plaintiff must tender $160 as a prerequisite to service by the USMS.

The third logistical difficulty is identifying where the recipients may be served, as Plaintiff does not possess the recipients' current addresses. As for Cardon, Defendant states that he "is no longer employed by CoreCivic. CoreCivic may not release current or former employee's personal information to include last known address information to currently incarcerated persons for safety/security reasons. To address this legitimate safety/security/confidentiality concern, undersigned counsel is prepared to provide last known address information for [Cardon] under seal to the Court, should the Court so order the same." (Doc. 85 at 2.) Similarly, as for Whitwater, Nuss, and Soulier, Defendant states that "[f]or legitimate safety/security reasons, Defendant may not release current housing information regarding an inmate to another currently incarcerated person. . . . As for Plaintiff's inmate witnesses incarcerated at Saguaro Correctional Center, . . . undersigned counsel is prepared to file a notice, under seal, apprising the Court of the names of inmate witnesses currently incarcerated at Saguaro Correctional Center for issuing of subpoenas to them." (*Id.* at 2-3.) Thus, assuming Plaintiff tenders the necessary witness fees discussed in the preceding paragraph, the Court will then order Defendant to provide Cardon's, Whitwater's, Nuss's, and Soulier's last known contact information to the Court under seal and *ex parte*.

The fourth logistical difficulty concerns when the recipients should be ordered to

testify.  Because it will presumably take some time for the USMS to complete (or attempt to complete) service of the subpoenas on Cardon, Whitwater, Nuss, and Soulier, the evidentiary hearing will be reset for August 25, 2026 at 9:30 AM.  However, if Plaintiff fails to tender the necessary witness fees, the subpoenas will not issue and the Court will accelerate the hearing date.

Accordingly,

**IT IS ORDERED** that:

1.     Plaintiff's motion for subpoenas (Doc. 83) is **granted in part and denied in part**.

2.     Within 14 days of the issuance of this order, Plaintiff must tender $160 in witness fees to the Clerk of Court.

3.     The evidentiary hearing on exhaustion is reset for August 25, 2026 at 9:30 AM and will be held via Zoom.  Defendant must coordinate with the courtroom deputy to facilitate Plaintiff's appearance via Zoom.  Defendant shall still meet and confer with Plaintiff and prepare a joint exhibit and witness list, which must be filed no later than fourteen days before the commencement of the evidentiary hearing.  Defendant shall also provide all marked exhibits to chambers (lanza_chambers@azd.uscourts.gov) no later than fourteen days before the commencement of the evidentiary hearing.

Dated this 10th day of March, 2026.

Dominic W. Lanza
United States District Judge